UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL DANIELS                                                                                    PETITIONER
ADC #166796

V.                                      Case No. 4:23-CV-00345-BBM

DEXTER PAYNE, Director,                                                                          RESPONDENT
Arkansas Division of Correction

## MEMORANDUM AND ORDER

On April 10, 2023, Michael Daniels filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, seeking relief from his state court conviction for rape. (Doc. 1). Daniels filed an Amended Petition for Writ of Habeas Corpus on June 14, 2023. (Doc. 5). Respondent Dexter Payne, Director of the Arkansas Division of Correction, filed a response to the Amended Petition on August 24, 2023. (Doc. 14). Petitioner was given until October 16, 2023, to file a Reply, addressing Respondent's arguments for dismissal. (Doc. 16). No reply was filed.

I.   Background

On July 26, 2021, Daniels pled guilty to rape in the Circuit Court of Lee County, Arkansas, Case Number 39CR-17-20, and was sentenced to three hundred months' imprisonment in the Arkansas Department of Corrections. (Doc. 14-1). Daniels did not appeal his conviction or sentence, nor did he seek any other post-conviction review. (Doc. 5). Daniels now contends he is entitled to relief because his trial lawyer coerced him into pleading guilty; he also appears to challenge the sufficiency of the evidence. *Id*.

## II.     Discussion

Because Daniels' petition, as amended, is time-barred, it must be dismissed. Daniels concedes that he did not appeal his conviction or sentence; thus, the limitations period for filing a habeas petition ended one year from the date that time expired for filing a direct appeal. 28 U.S.C. § 2244(d)(1)(A). Under the Arkansas Rules of Appellate Procedure, the deadline for filing a direct appeal is thirty days from the date of the sentencing order. Ark. R. App. P. Crim. 2(a). Daniels did not file a post-conviction petition, so there is no time excluded for a pending petition. 28 U.S.C. § 2244(d)(2). Daniels, therefore, had one year from August 25, 2021, to file a habeas petition. Daniels did not file his Petition in this case until April 10, 2023, well after the one-year deadline. (Doc. 1).

As an explanation for why he did not exhaust his state remedies, Daniels claims he has the "IQ of a person less that my age and have no knowledge of any law." (Doc. 5 at 15). While the one-year statute of limitations may be equitably tolled when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, this is an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001); *see also Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). The Eighth Circuit holds routinely that lack of legal knowledge and mere allegations of mental incompetence are not sufficient grounds to justify equitable tolling. *Collins v. Scurr*, 230 F.3d 1362, 2000 WL 1341544, *1 (8th Cir. Sept. 19, 2000) (holding that "bald and unsupported allegations" of mental incompetency were insufficient to trigger equitable

2

tolling); *see also Kreutzer*, 231 F.3d at 463 ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); *Preston v. State*, 221 F.3d 1343, 2000 WL 995013, *1 (8th Cir. July 20, 2000) ("[Petitioner's] unfamiliarity with federal law is not a ground for equitable tolling").

Consequently, because Daniels did not file his habeas petition by August 25, 2022, and he has not provided any grounds to justify tolling the statute of limitation, his amended petition is time-barred and must be denied and dismissed with prejudice.[1] Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, no certificate of appealability shall be issued.

SO ORDERED, this 2nd day of January, 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Because the petition is dismissed as untimely, the Court does not reach the issues of procedural default and waiver.